# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHN PORTERFIELD, | ) |
| Petitioner, | ) |
| | ) No. 15-cv-2477-SHM-tmp |
| v. | ) No. 07-cr-20105-SHM-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Before the Court are four motions filed by Petitioner John Porterfield, Prisoner No. 21615-076, located at Memphis FCI. The first is Porterfield's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"), filed on July 20, 2015. (§ 2255 Mot., ECF No. 1.)[1] Porterfield challenges his sentence in criminal case no. 07-20150. He argues that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015), because his Tennessee robbery convictions fall within the invalidated residual clause in 18 U.S.C. § 924(e). (Id.)

---

[1] Unless otherwise noted, page citations to the record refer to the "PageID" number. Citations to "Cr. ECF" refer to criminal case United States v. Porterfield, No. 07-cr-20150-SHM (W.D. Tenn.), and citations to "ECF" refer to this civil action.

The second is Porterfield's motion to amend his original § 2255 Motion, filed on September 8, 2016 ("Amended § 2255 Motion"). (Amended § 2255 Mot., ECF No. 6.)

The third is Porterfield's motion to proceed in forma pauperis, filed on July 20, 2015. (ECF No. 2.)

The fourth is Porterfield's motion for expedited ruling, filed on March 10, 2017. (ECF No. 9.)

For the following reasons, Porterfield's motion to amend is GRANTED, his Amended § 2255 Motion is DENIED, and his motions for expedited ruling and to proceed in forma pauperis are DENIED as MOOT.

I. BACKGROUND

On February 28, 2008, Porterfield pled guilty to possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841; being a felon in possession of a firearm, in violation of 21 U.S.C. § 922(g); and use of a firearm in commission of a crime of violence, in violation of 21 U.S.C. § 924(e). (Judgment, Cr. ECF No. 46.)

At sentencing, Porterfield was determined to be an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA"). (Presentence Investigation Report "PSR" ¶ 29.) His predicate offenses included two Tennessee

robbery convictions in 1997 and 2003; one Tennessee aggravated robbery conviction in 1991; and one Tennessee conviction for sale of cocaine in 1991. (Id. ¶¶ 37, 38, 43, 48.)

On June 12, 2008, Porterfield was sentenced to 180 months in prison to be followed by three years supervised release. (Judgment, ECF No. 46.) Porterfield did not appeal.

On July 20, 2015, Porterfield filed the § 2255 Motion. (ECF No. 1.) The same day he moved to proceed in forma pauperis. (ECF No. 2.)

## II. LEGAL STANDARD

### A. Section 2255 Motion

Porterfield seeks relief under 28 U.S.C. § 2255. Section 2255(a) provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"To succeed on a § 2255 motion, a prisoner in custody must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact

3

or law that was so fundamental as to render the entire proceeding invalid.'" McPhearson v. United States, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)).

A prisoner must file his § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

After a petitioner files a § 2255 motion, the court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings for the U.S. District Courts ("§ 2255 Rules") at Rule 4(b).

4

"If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. The § 2255 movant is entitled to reply to the government's response. Id. at Rule 5(d). Where the court considering the § 2255 motion also handled the earlier proceedings at issue (e.g., the change of plea and the sentencing hearing), the court may rely on its recollection of the proceedings. See, e.g., James v. United States, No. 3:13-01191, 2017 WL 57825, at *1 (M.D. Tenn. Jan. 4, 2017) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

**B.  ACCA's "Violent-Felony" Framework**

Porterfield challenges his status as an armed career criminal under the ACCA. He cites Johnson, which held that a sentence imposed under the residual clause of the ACCA violates due process. 135 S. Ct. at 2563. In Welch v. United States, the Supreme Court applied its holding in Johnson retroactively to ACCA cases on collateral review. 136 S. Ct. 1257, 1268 (2016); see also In re Watkins, 810 F.3d 375, 383–84 (6th Cir. 2015) (same).

Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions for violent felonies or serious drug offenses is an armed career criminal and subject to a mandatory minimum sentence of 180 months in

prison. 18 U.S.C. § 924(e)(1). Without the prior qualifying convictions, a defendant convicted under § 922(g) is subject to a statutory maximum sentence of 120 months. Id. § 924(a)(2).

### III. ANALYSIS

#### A. Timeliness

A § 2255 motion and any amendments to it must be filed within the one-year statute of limitations established by § 2255(f). See, e.g., Berry v. United States, No. 2:14-CV-02070-STA-CGC, 2017 WL 401269, at *10 (W.D. Tenn. Jan. 30, 2017). Under § 2255(f)(1), the motion must be filed within one year of "the date on which the judgment of conviction becomes final." Under § 2255(f)(3), a petitioner alternatively may bring a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court . . . ."

Johnson was decided on June 26, 2015. Porterfield's request for Johnson relief was filed on July 20, 2015. Porterfield's Johnson claim is timely.

#### B. Motion to Amend

Porterfield filed the motion to amend his original § 2255 Motion on September 8, 2016. (ECF No. 6.)

Claims not brought in Porterfield's original § 2255 Motion are barred unless the claims asserted "relate back" under Rule

6

15(c)(1)(B) of the Federal Rules of Civil Procedure to a claim raised in the original motion.  See Evans v. United States, 284 F. App'x. 304, 305, 313 (6th Cir. 2008); cf. Cowan v. Stovall, 645 F.3d 815, 819 (6th Cir. 2011).

Porterfield's proposed amendment argues that his Tennessee robbery convictions no longer qualify as crimes of violence under Johnson and Mathis v. United States, 136 S. Ct. 2243 (2016). (Amended § 2255 Mot., ECF No. 6 at 36-38.) That claim relates back to his original § 2255 Motion.

Porterfield's motion to amend his original § 2255 Motion is GRANTED.

### C. Application of Johnson

Porterfield's § 2255 Motion challenges the Court's finding that he was an armed career criminal under the ACCA. (§ 2255 Mem., ECF No. 1-1 at 16.) Porterfield contends that his 1997 and 2001 Tennessee robbery convictions fall under the ACCA's unconstitutional residual clause and no longer qualify as predicate felonies after Johnson. (Id.) Porterfield also argues that Tennessee robbery is no longer a crime of violence because the statute criminalizing robbery is broader than the definition of "generic robbery." (Amended § 2255 Mot., ECF No. 6 at 36-38 (citing Mathis, 136 S. Ct. at 2243).)

7

The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (a) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (b) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated-offenses clause"); or (c) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). . 18 U.S.C. § 924(e)(2)(B).

In Johnson, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. 135 S. Ct. at 2557-58. Johnson does not question sentencing enhancements under the ACCA's use-of-force clause or enumerated-offenses clause. Johnson, 135 S. Ct. at 2563. "The government . . . cannot enhance [a defendant's] sentence based on a prior conviction that constitutes a violent felony pursuant only to the residual clause." United States v. Priddy, 808 F.3d 676, 683 (6th Cir. 2015), rev'd on other grounds by United States v. Stitt, 860 F.3d 854, 856 (6th Cir. 2017) (en banc). "But a defendant can still receive an ACCA-enhanced sentence based on the statute's use-of-force clause or enumerated-offense[s] clause[.]" Id.

"When determining which crimes fall within . . . the violent felony provision" of the ACCA, "federal courts use the categorical approach." United States v. Covington, 738 F.3d 759, 762 (6th Cir. 2013) (quotation marks omitted); United States v. Gibbs, 626 F.3d 344, 352 n.6 (6th Cir. 2010). Under that approach, courts "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990). "[T]here are two steps in applying the categorical approach to determine whether a prior conviction constitutes . . . a violent felony under the ACCA." Covington, 738 F.3d at 763.

"First, a court must ask whether the statute at issue is divisible by determining if the statute lists 'alternative elements.'" Id. (quoting Descamps v. United States, 133 S. Ct. 2276, 2293 (2013)). "[A] divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps, 133 S. Ct. at 2283. If a statute is divisible, meaning that it "comprises multiple, alternative versions of the crime," a court then uses a "modified categorical approach" and may "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." Id. at 2283-84. "Where the

defendant has pled guilty, these so-called Shepard documents may include the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" United States v. Denson, 728 F.3d 603, 608 (6th Cir. 2013) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)). "[T]he question is whether the court documents establish that the defendant necessarily admitted the elements of a predicate offense through his plea." United States v. McMurray, 653 F.3d 367, 377 (6th Cir. 2011) (quotation marks omitted).

The Supreme Court has clarified that a court should use the modified categorical approach only when a statute "lists multiple elements disjunctively," not when it instead "enumerates various factual means of committing a single element." Mathis, 136 S. Ct. at 2249, 2256. A "court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means." Id. at 2256. It can do so by examining state law to determine (a) whether "a state court decision definitively answers the question," or (b) whether "the statute on its face . . . resolve[s] the issue." Id. Alternatively-listed items are elements where they "carry different punishments" or where the statute "itself identif[ies]" them as "things [that] must be charged," but they are means where the "statutory list is drafted to offer

'illustrative examples'" only.  Id.  "[I]f state law fails to provide clear answers," a court may take "a peek at the record documents" of the prior conviction "for the sole and limited purpose of determining whether the listed items are elements of the offense."  Id. (alterations omitted) (quotation marks omitted).  If the listed items are "means, the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution."  Id.

Second, after having determined which of a statute's alternative elements formed the basis of the defendant's prior conviction, or after having determined that the statute is indivisible, "the court must ask whether the offense the statute describes, as a category, is a [violent felony]."[2]  Covington, 738 F.3d at 763.  "When determining whether a particular offense qualifies as a 'violent felony' under the use-of-force clause, [a court is] limited to determining whether that offense 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"  Priddy, 808 F.3d at 685 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).  "The force involved must be 'violent force—

---

[2] Even with a divisible statute, a court may proceed directly to the second step and analyze each of a statute's alternative elements without consulting Shepard documents to determine which alternative elements formed the basis of the conviction. See United States v. Mitchell, 743 F.3d 1054, 1066 (6th Cir. 2014) ("Although the Tennessee robbery statutes are divisible, we need not defer to the modified categorical approach to determine which alternative formed the basis of Mitchell's prior conviction. As already discussed, neither alternative element departs from the definitions provided in the 'use of physical force' clause . . . .").

11

that is, force capable of causing physical pain or injury to another person.'" Id. (quoting Johnson v. United States, 559 U.S. 133, 140 (2010) ("Johnson 2010")). "If the offense 'sweeps more broadly' and 'criminalizes a broader swath of conduct' than [would] meet th[is] test[], then the offense, as a category, is not a [violent felony]." Covington, 738 F.3d at 764 (quoting Descamps, 133 S. Ct. at 2281, 2283, 2289-91).

At the time of Porterfield's 1997 and 2001 robbery convictions, Tennessee's robbery statute defined robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a).

In United States v. Mitchell, 743 F.3d 1054, 1058, 1060 (6th Cir. 2014), the Sixth Circuit held that a Tennessee conviction for robbery qualifies as a violent felony under the use-of-force clause. 743 F.3d at 1059 (reviewing Tenn. Code Ann. § 39-13-401 (1985)). The court explained that "violence," as determined by the Tennessee Supreme Court, means "physical force unlawfully exercised so as to injure, damage or abuse." Mitchell, 743 F.3d at 1059 (quoting State v. Fitz, 19 S.W.3d 213, 214 (Tenn. 2000) (citations and internal quotation marks omitted)). The court concluded that the statute's element of violence "satisfie[d] § 924(e)(2)(B)(i)'s requirement of the 'use, attempted use, or threatened use of physical force.'"

12

Id. The court also decided that the element of "fear" satisfied § 924(e)(2)(B)(i). The court recognized the Tennessee Supreme Court's holding that the "fear constituting an element of robbery is a fear of bodily injury and of present personal peril from violence offered or impending." Id. (quoting State v. Taylor, 771 S.W.2d 387, 398 (Tenn. 1989) (citations and internal quotation marks omitted)).

In applying the definition of violence as determined by the Tennessee Supreme Court, the Mitchell court explained that "the commission of a robbery through fear, which in Tennessee reduces to the fear of bodily injury from physical force offered or impending, directly corresponds to § 924(e)(2)(B)(i)'s 'use . . . or threatened use of force.'" Id. The court held that "robbery in violation of . . . Tenn. Code Ann. § 39-13-401 is categorically a 'violent felony' under § 924(e)(2)(B)(i) of the ACCA." Id. at 1060. It did not matter which alternative in Tennessee's robbery statute was the basis for a defendant's robbery conviction, because the statute as a whole does not "criminalize[ ] a broader swath of conduct than the relevant generic offense." Descamps, 133 S. Ct. at 2281; see Mitchell, 743 F.3d at 1066.

The Sixth Circuit decided Mitchell before the Supreme Court decided Mathis. Mathis addressed the application of a

modified categorical rather than a categorical approach when deciding whether a crime falls within the "violent felony" provision of the ACCA. Mathis, 136 S. Ct. at 2249, 2256. Mathis held that a court should use the modified categorical approach only when a statute "lists multiple elements disjunctively," not when it "enumerates various factual means of committing a single element." Id.

Since Mathis, the Sixth Circuit has continued to rely on Mitchell. See United States v. Yates, 866 F.3d 723, 733 (6th Cir. 2017) (citing Mitchell and opining that "precedent from this circuit supports the conclusion that generic robbery requires a confrontation that at the very least implies the threat of violence."). The Sixth Circuit recognizes Tennessee robbery and aggravated robbery as predicate felonies under the ACCA's use-of-force clause. United States v. Lester, No. 17-5230, 2017 WL 5900646, at *3 (6th Cir. Nov. 30, 2017) (Mathis did not affect Mitchell); United States v. Southers, 866 F.3d 364, 366-68 (6th Cir. May 8, 2017) (rejecting argument that Mitchell needed to be reconsidered in light of Moncrieffe v. Holder, 589 U.S. 184 (2013), and reaffirming that Tennessee robbery is categorically a violent felony under the ACCA); Tucker v. United States, No. 16-6744, 2017 WL 6048876, at *2 (6th Cir. June 1, 2017) (finding district court reliance on

14

Mitchell to find Tennessee robbery conviction was a predicate offense under the use-of-force clause reasonable).

Mitchell remains binding precedent after Mathis. Porterfield's two Tennessee robbery convictions qualify as predicate offenses under the ACCA's use-of-force clause. Porterfield is not entitled to relief based on Johnson.

**IV. APPEALABILITY**

Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x

989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

Porterfield is not entitled to relief under Johnson. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his

motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

Because Porterfield is clearly not entitled to relief, the Court denies a certificate of appealability. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[3]

**V. CONCLUSION**

For the foregoing reasons, Porterfield's motion to amend his § 2255 Motion is GRANTED, and his Amended § 2255 Motion is DENIED. Porterfield's motions to proceed in formal pauperis and to expedite ruling are also DENIED as MOOT.

So ordered this 25th day of April, 2018.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE

---

[3] If Porterfield files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.